IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| QIANG WEI, | § | |
| Plaintiff, | § § § | |
| v. | § | CASE NO. 5:12-CV-00872-FB |
| SOUTHWEST RESEARCH INSTITUTE, | § § § | |
| Defendant. | § § | |

**DEFENDANT SOUTHWEST RESEARCH INSTITUTE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

COMES NOW Defendant Southwest Research Institute ("SwRI"), and files this its Answer and Affirmative Defenses to Plaintiff's Original Complaint and Jury Demand, and respectfully shows the Court as follows:

## I.
## DEFENSES AND AFFIRMATIVE DEFENSES

SwRI pleads the following defenses and affirmative defenses, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff has failed, in whole or in part, to mitigate his damages, if any.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff has failed, in whole or in part, to exhaust his administrative remedies.

5. Plaintiff's claims are barred, in whole or in part, to the extent that those claims exceed the scope of, or are inconsistent with, the charges of discrimination he filed with the Equal Employment Opportunity Commission ("EEOC").

6. SwRI denies that Plaintiff was subjected to discriminatory treatment based on his race.

7. All alleged actions taken by SwRI against Plaintiff would have been taken regardless of his membership in any protected class or status or his exercise of any rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq., the Civil Rights Act of 1866, 42 U.S.C. § 1891, and/or the Texas Commission on Human Rights Act, Tex. Lab. Code §21.001 et. seq.

8. Plaintiff's claims are barred, in whole or in part, because any alleged actions with respect to Plaintiff's employment were taken in good faith at all relevant times and were based on legitimate, nondiscriminatory reasons.

9. All actions taken by SwRI with respect to Plaintiff were justified, in good faith, and without malice.

10. Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, his own conduct, actions and/or failure to act and not of SwRI's conduct, actions, or failure to act.

11. Plaintiff's claims fail, in whole or in part, because SwRI exercised reasonable care and Plaintiff unreasonably failed to act in accordance with SwRI's policies.

12. Plaintiff has failed to establish the necessary elements for recovery of compensatory and/or punitive damages.

13. Plaintiff's claim for punitive damages should be dismissed because SwRI has not engaged in any alleged discriminatory practice with malice or with reckless indifference to Plaintiff's federally protected rights. To the extent it may be determined that any employee of SwRI engaged in the unlawful actions alleged, which allegations are denied, such actions are contrary to SwRI's good faith efforts to comply with applicable law, including but not limited to, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981, and/or the Texas Commission on Human Rights Act, Tex. Lab. Code §21.001 et. seq.

14. Plaintiff is not entitled to recover punitive and/or exemplary damages. The complaint, to the extent it seeks punitive and/or exemplary damages, violates the rights of SwRI to procedural due process under the Fourteenth Amendment of the United States Constitution, and therefore fails to state a claim upon which punitive and/or exemplary damages may be awarded.

15. Plaintiff is not entitled to recover punitive and/or exemplary damages. The complaint, to the extent it seeks punitive and/or exemplary damages, violates the rights of SwRI to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and violates the rights of SwRI to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and therefore fails to state a claim upon which punitive and/or exemplary damages may be awarded.

16. Plaintiff is not entitled to recover compensatory or punitive damages. To the extent that Plaintiff seeks such damages, any amount of recovery is capped by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. and/or Texas Labor Code, §21.2585.

17. SwRI reserves the right to assert any and all additional affirmative defenses that may be determined during the course of discovery.

## II.
## ANSWER

18. With regard to Paragraph 1 of Plaintiff's Original Complaint and Jury Demand (the "Complaint"), SwRI is without sufficient knowledge to admit or deny the current residency of Plaintiff. SwRI admits that Plaintiff was employed in Texas by SwRI.

19. SwRI admits the allegations contained in Paragraph 2 of the Complaint.

20. SwRI admits the allegations contained in Paragraph 3 of the Complaint.

21. With regard to Paragraph 4 of the Complaint, SwRI admits that this Court has jurisdiction over this case inasmuch as Plaintiff has asserted a cause of action over which this Court has jurisdiction. SwRI further admits that venue is appropriate in this Court. SwRI denies any allegation or inference in Paragraph 4 of unlawful employment practices.

22. SwRI admits the allegations contained in Paragraph 5 of the Complaint.

23. SwRI admits the allegations contained in Paragraph 6 of the Complaint.

24. SwRI denies the allegations contained in Paragraph 7 of the Complaint in their entirety.

25. SwRI admits the allegations contained in Paragraph 8 of the Complaint.

26. With regard to Paragraph 9 of the Complaint, SwRI is without sufficient knowledge to admit or deny whether Plaintiff is "highly accomplished," whether Plaintiff has over 40 publications in English, whether Plaintiff has presented "numerous" speeches in English to international conferences, and whether Plaintiff has written over ten U.S. patents in English. SwRI admits that it is aware that Plaintiff received a Ph.D. in Mechanical Engineering from the University of Minnesota.

27. With regard to Paragraph 10 of the Complaint, SwRI admits that Plaintiff's former position was categorized as a PL3. SwRI denies the remaining allegations in Paragraph 10.

28. With regard to Paragraph 11 of the Complaint, SwRI admits that Dr. Imad Khalek served as Plaintiff's direct supervisor, but denies that he gave Plaintiff a "positive" performance evaluation.

29. With regard to Paragraph 12 of the Complaint, SwRI admits that Dr. Khalek directly supervised Plaintiff and that Dr. Khalek informed Plaintiff in a performance review that he was expected to speak English in the workplace when other SwRI staff members were present, but denies that Plaintiff was instructed to refrain from speaking Chinese "at all." SwRI is without sufficient knowledge or information to admit or deny Plaintiff's understanding of this instruction. SwRI denies any allegation or inference in Paragraph 12 of unlawful employment practices.

30. With regard to Paragraph 13 of the Complaint, SwRI admits that Plaintiff received an annual performance evaluation summary in August 2011 and that Plaintiff was informed that he was expected to speak English in the workplace when other SwRI staff members were present. SwRI denies any allegation or inference in Paragraph 13 of unlawful employment practices.

31. With regard to Paragraph 14 of the Complaint, SwRI is without sufficient knowledge or information to admit or deny Plaintiff's belief regarding the instruction to speak English when other SwRI staff members were present. SwRI admits that Plaintiff had a meeting with Dr. Imad Khalek and Jeff White regarding his annual performance evaluation summary. SwRI denies the remaining allegations in Paragraph 14.

32. SwRI denies the allegations contained in Paragraph 15 of the Complaint in their entirety.

33. With regard to Paragraph 16 of the Complaint, SwRI admits that Plaintiff sent an email to Bruce Bykowski, Jeff White, Bill Crumlett, and Tony Magaro regarding his employment. SwRI denies the remaining allegations in Paragraph 16.

34. SwRI denies the allegations contained in Paragraph 17 of the Complaint in their entirety.

35. With regard to Paragraph 18 of the Complaint, SwRI admits that Plaintiff was notified of this termination on August 22, 2011, his last day of employment. SwRI further admits that Plaintiff was terminated for several reasons including because he objected strongly to the assignments and work direction given to him by his supervisor, but denies that these reasons were false and/or pretextual. SwRI denies the remaining allegations in Paragraph 18.

36. SwRI admits the allegations contained in Paragraph 19 of the Complaint, but denies any allegation or inference in Paragraph 19 of unlawful employment practices.

37. SwRI admits the allegations contained in Paragraph 20 of the Complaint.

38. With regard to Paragraph 21 of the Complaint, SwRI is without sufficient knowledge or information to admit or deny that Plaintiff requested a Right to Sue letter from the Texas Workforce Commission and that Plaintiff has met all other jurisdictional requirements for any state law claims.

39. With regard to Paragraph 22 of the Complaint, SwRI is without sufficient knowledge or information to admit or deny that Plaintiff filed suit within 90 days of his receipt of the Notice of Rights to Sue issued by the EEOC and that all conditions precedent to the filing of this action have been fulfilled.

40. With regard to Paragraph 23 of the Complaint, SwRI recognizes Plaintiff's intent to re-allege and incorporate the allegations contained in Paragraphs 1-22 of the Complaint, but denies all allegations of unlawful employment practices as contained therein.

41. With regard to Paragraph 24 of the Complaint, SwRI is without sufficient knowledge or information to admit or deny that Plaintiff has satisfied all jurisdictional pre-requisites in connections with his Title VII and TCHRA claims.

42. SwRI denies the allegations contained in Paragraph 25 of the Complaint in their entirety.

43. With regard to Paragraph 26 of the Complaint, SwRI acknowledges that Plaintiff seeks the damages listed, but denies that Plaintiff is entitled to any such relief and denies all allegations of unlawful employment practices as contained therein.

44. SwRI denies the allegations contained in Paragraph 27 of the Complaint in their entirety.

45. SwRI denies the allegations contained in Paragraph 28 of the Complaint in their entirety.

46. With regard to Paragraph 29 of the Complaint, SwRI acknowledges that Plaintiff seeks an award of attorney's fees and costs, but denies that Plaintiff is entitled to any such relief.

47. With regard to Paragraph 30 of the Complaint, SwRI recognizes Plaintiff's intent to re-allege and incorporate the allegations contained in Paragraphs 1-29 of the Complaint, but denies all allegations of unlawful employment practices as contained therein.

48. SwRI denies the allegations contained in Paragraph 31 of the Complaint in their entirety.

49. With regard to Paragraph 32 of the Complaint, SwRI acknowledges that Plaintiff seeks the damages listed, but denies that Plaintiff is entitled to any such relief and denies all allegations of unlawful employment practices as contained therein.

50. SwRI denies the allegations contained in Paragraph 33 of the Complaint in their entirety.

51. SwRI denies the allegations contained in Paragraph 34 of the Complaint in their entirety.

52. With regard to Paragraph 35 of the Complaint, SwRI acknowledges that Plaintiff seeks an award of attorney's fees and costs, but denies that Plaintiff is entitled to any such relief.

53. With regard to Paragraph 36 of the Complaint, SwRI admits that Plaintiff seeks a trial by jury, but denies that this action is properly brought or that Plaintiff is entitled to any relief.

54. With regard to the final section of the Complaint, entitled "V. Prayer for Relief," SwRI admits that Plaintiff requests the relief listed against SwRI, but denies that Plaintiff is entitled to any of the relief sought therein.

WHEREFORE, PREMISES CONSIDERED, Defendant Southwest Research Institute respectfully submits this its Answer and Affirmative Defenses and prays that Plaintiff take nothing by his suit, that SwRI be allowed to recover the costs which have been incurred by reason of the charges and allegations against it by Plaintiff, and that the Court grant SwRI such other and further relief, both at law and in equity, both general and specific, to which SwRI may show itself justly entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By: _____
Cyndi M. Benedict
State Bar No. 03322000
Stephen J. Romero
State Bar No. 24046756
300 Convent Street, Suite 2100
San Antonio, Texas 78205
Telephone: (210) 224-5575
Telecopier: (210) 270-7205

Attorneys for Defendant
Southwest Research Institute

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2012, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Caleb I. Moore
Law Office of Caleb Moore, P.C.
2205 Martin Dr., Suite 200
Bedford, Texas 76021

Glenn D. Mangum
Law Offices of Glenn Mangum
924 Camaron
San Antonio, Texas 78212

_____
Stephen J. Romero