

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

QIANG WEI,

    Plaintiff,

v.      Civil No. 12-0872 (RCL)

SOUTHWEST RESEARCH INSTITUTE,

    Defendants.

## MEMORANDUM & ORDER

Before the Court are the Defendant's Motion for Summary Judgment, Oct. 3, 2013, ECF No. 29, Plaintiff's Response in Opposition [30-1], Defendant's Reply thereto [33], Plaintiff's Sur-reply [34], Defendant's Sur-response [35], the record herein, and applicable law.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party to demonstrate that there is an "absence of a genuine issue of material fact" in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party's evidence is to be believed, and all reasonable inferences from the record are to be drawn in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S 242, 255 (1986). Summary judgment is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252.

Plaintiff, Qiang Wei, has alleged a national origin discrimination claim against defendant in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 § U.S.C. 1981, and the Texas Labor Code § 21.001 *et. seq.* Compl. 1. He alleges that he was discriminated against when defendant told him he could speak only English in the workplace. Compl. ¶¶ 13-14. He also alleges that after he complained to his superiors about the directive, they retaliated against him in various ways, ultimately firing him. Compl. ¶¶ 15-17.

The Court finds that there are genuine issues of material fact precluding a grant of summary judgment. Several material facts are contested in this case, including under what circumstances Dr. Wei was prohibited from speaking English. *Compare* Def.'s Mot. Summ. J. 8 (asserting that Dr. Wei was not informed that he could never speak Chinese in the workplace, but that he was "requested to do so in a place and time that would not diminish his opportunity for development") *with* Opp'n (asserting that Dr. Wei's supervisor didn't like that Wei spoke Chinese, "even privately" and "began to tell Dr. Wei not to speak Chinese at work at all"). Likewise, defendant's motive(s) for firing Dr. Wei are disputed. Although defendants claim that the English-only directive was not a factor in Dr. Wei's dismissal, Def.'s Reply to Pl.'s Opp'n 4, Dr. Wei disagrees and points to a performance review dated shortly before his termination noting "Qiang is expected to speak English in the work place and no other language when other staff members are present. For private conversations, where a foreign language is needed, Qiang can excuse himself to an isolated area and speak in foreign language." Ex. N.

Because this case presents disputed genuine issues of material facts, it is hereby

**ORDERED** that the defendant's motion for summary judgment is **DENIED**; it is further

**ORDERED** that the parties will meet and confer to submit proposed dates for the pretrial

conference and trial, indicating the expected length of trial. The report of the parties shall be due within 14 days of this date.

It is **SO ORDERED** this 18th day of September 2014.

_____
ROYCE C. LAMBERTH
United States District Judge