IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| QIANG WEI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:12-CV-00872-RCL |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT SOUTHWEST RESEARCH INSTITUTE'S MOTION IN LIMINE

COMES NOW Defendant Southwest Research Institute ("SwRI" or "Defendant"), before the voir dire examination of the jury panel, before the opening statements by counsel, and before the introduction of any evidence, respectfully files this its Motion in Limine requesting the following:

## I.
## INTRODUCTION

Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, SwRI makes this motion in limine. SwRI seeks to exclude matters that are inadmissible, irrelevant, or prejudicial in this case. If Plaintiff Qiang Wei ("Wei" or "Plaintiff") injects these matters into the trial of this case through a party, an attorney, or a witness, it will cause irreparable harm to SwRI case, which no jury instruction could cure. If any of the matters are brought to the attention of the jury, directly or indirectly, SwRI will be compelled to move for a mistrial. In an effort to avoid prejudice and a mistrial, SwRI urges this Motion in Limine.

SwRI asks the Court to instruct Plaintiff and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed below without first obtaining a ruling from the Court outside the

presence and hearing of the jury and to instruct Plaintiff and attorneys to warn and caution each witness to follow the same instructions with respect to the items identified in this motion. SwRI reserves the right to amend this motion until voir dire or until any deadline for motions in limine set by the Court, whichever is later.

## II.
## MOTION IN LIMINE

SwRI requests that the Court grant this motion in limine instructing Plaintiff and his attorneys and witnesses not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the following matters:

1. Any mention, reference, testimony, or allusion to SwRI maintaining an "English only" policy. This issue is not before the Court and any such evidence is unfairly prejudicial against SwRI and is likely to confuse the issues and mislead the jury. FED. R. EVID. 402, 403

GRANTED: _____ DENIED: _____ AGREED: _____

2. Any mention, reference, testimony, or allusion to any complaints of Wei not alleged in Plaintiff's Original Complaint and any amendments thereto, in his deposition, in his responses to interrogatories, or not personally witnessed or experienced by Plaintiff. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

3. Any allegations of discriminatory conduct and/or unfair treatment at SwRI directed to anyone other than Wei. Any alleged discrimination/unfair treatment directed towards such individuals is not probative of the issues in this case, namely whether Wei was discriminated against based on his national origin. FED. R. EVID. 401, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

4. Any alleged prior bad acts of any witness other than Wei. Such evidence is inadmissible character evidence, is wholly irrelevant, and would be greatly prejudicial to SwRI. FED. R. EVID. 402, 403, 404.

GRANTED: _____ DENIED: _____ AGREED: _____

5. Any other lawsuits, proceedings or claims of discrimination and/or retaliation of any type (e.g., EEOC charges, grievances, lawsuits, complaints) against SwRI or any witness, other than those brought by Wei. Lawsuits, proceedings, or claims of discrimination and/or retaliation made by other employees or persons regarding other incidents or conduct are irrelevant to whether SwRI discriminated against Wei. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) (finding district court abused its discretion by allowing anecdotal evidence from other employees regarding discrimination because such evidence created mini-trials and was not probative and was prejudicial to defendant). Additionally, the probative value of this evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. FED. R. EVID. 403. Such evidence would be introduced solely for the purpose of attempting to inflame the jury and would likely result in confusion of the issues.

GRANTED: _____ DENIED: _____ AGREED: _____

6. Any evidence of or reference to the character or reputation or specific instances of conduct of any other person or party to this suit except as to reputation for truthfulness or untruthfulness. FED. R. EVID. 405, 608(b).

GRANTED: _____ DENIED: _____ AGREED: _____

7. Any evidence of or reference to the effect that Wei or Wei's witnesses are honest, tell the truth, or any similar comment, unless the character of the witness for truthfulness has

been attacked by opinion or reputation evidence, or otherwise. The credibility of a witness is for the jury to decide. FED. R. EVID. 608(a).

   GRANTED: _____ DENIED: _____ AGREED: _____

  8. Any testimony for which the witness has no personal knowledge. Further, SwRI requests that Wei, his counsel, and his witnesses be required to establish a basis for personal knowledge other than hearsay, prior to eliciting any testimony. FED. R. EVID. 602, 802; *Martin v. Kroger*, 65 F. Supp. 2d 516, 547 (S.D. Tex. 1999), *aff'd* 224 F.3d 765 (5th Cir. 2000).

   GRANTED: _____ DENIED: _____ AGREED: _____

  9. Any statements by Wei's counsel that concern his personal knowledge of Wei or of the facts made the basis of this lawsuit. Wei's counsel is not allowed to be a witness and any reference to any such facts would be improper. FED. R. EVID. 401, 403, 602.

   GRANTED: _____ DENIED: _____ AGREED: _____

  10. Any statements or comments that contain a misstatement of the law. The prejudicial value of such evidence substantially outweighs any probative value and such statements or comments would only serve to confuse the jury as to the law that the jury must apply. FED. R. EVID. 403.

   GRANTED: _____ DENIED: _____ AGREED: _____

  11. Any testimony regarding the subjective belief of Wei that he was discriminated against, no matter how genuine that belief, because such subjective beliefs by Wei and others are not probative of discrimination. *Provident Life & Acc. Ins. Co. v. Goel,* 274 F.3d 984, 1000 n.79 (5th Cir. 2001).

   GRANTED: _____ DENIED: _____ AGREED: _____

12. Any lay opinions regarding any manner of unlawful discrimination by SwRI or its employees against Wei or anyone else, including testimony from a lay witness that a particular act or omission (whether real or hypothetical) was discriminatory. FED. R. EVID. 701.

GRANTED: _____DENIED: _____AGREED: _____

13. Any lay opinions regarding whether any particular act or omission (whether real or hypothetical) by SwRI or its employees against Wei was malicious or committed with malice. FED. R. EVID. 701.

GRANTED: _____DENIED: _____AGREED: _____

14. Any lay opinions regarding whether any particular act or omission (whether real or hypothetical) by SwRI or its employees against Wei would cause mental anguish or emotional distress. FED. R. EVID. 701.

GRANTED: _____DENIED: _____AGREED: _____

15. Any evidence about any other persons treated more favorably than Wei unless Wei has first established that such person is similarly situated to Plaintiff. *Bryant v. Compass Group USA, Inc.,* 413 F.3d 471, 478-79 (5th Cir. 2005); *Okoye v. Univ. of Texas Houston Health Sci. Ctr.,* 245 F.3d 507, 514 (5th Cir. 2001).

GRANTED: _____DENIED: _____AGREED: _____

16. Any reference or statement regarding SwRI's or its employees' or agents' attempt or failure to respond to discovery requests. Such evidence is unfairly prejudicial against SwRI, and is likely to confuse the issues, and mislead the jury. FED. R. EVID. 402, 403.

GRANTED: _____DENIED: _____AGREED: _____

17. Any comments in front of the jury referring to any discovery objections asserted by SwRI or SwRI's refusals to produce a document or referring to any of SwRI's assertions of privilege from discovery. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

18. Any request, in the Jury's presence, that SwRI produce any document. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

19. Any comments in front of the jury suggesting that SwRI or any of its officers or supervisors destroyed or intentionally lost personnel documents. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

20. Any reference or statement regarding the level of difficulty in conducting discovery in this matter. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

21. Any statement to the jury regarding the use of depositions, interrogatory answers, and other discovery devices. Any instructions or advice as to the purpose or use of such discovery should be made by the Court.

GRANTED: _____ DENIED: _____ AGREED: _____

22. Any mention or evidence that SwRI is, to any extent, covered by any liability insurance for the damages sought in this suit or that any liability insurance carrier has been involved in the investigation of this suit. FED. R. EVID. 411.

GRANTED: _____ DENIED: _____ AGREED: _____

23. Any mention or evidence that the attorneys for SwRI or the law firm of Norton Rose Fulbright US LLP specialize in handling insurance cases or specialize in defense of lawsuits involving employment discrimination or retaliation claims. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

24. Any evidence of or reference to Norton Rose Fulbright US LLP as a large law firm, referring to the number of attorneys employed by or associated with the firm of Norton Rose Fulbright US LLP, or referring to the power of Norton Rose Fulbright US LLP. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

25. Any mention or evidence that the attorneys for SwRI or the law firm of Norton Rose Fulbright US LLP regularly represent "large" corporations or that they represent SwRI on a regular basis. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

26. Any evidence of or reference to the amount of money or time expended by SwRI in the defense of this cause. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

27. Any evidence of or reference to the costs or expenses incurred by Wei in connection with the prosecution of this suit. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

28. Any reference or statement that, out of any award made to Wei, Wei has agreed to pay, or will be obligated to pay by law, any percentage or any approximate or particular sum of money to any attorney as a fee or fees for handling his case. FED. R. EVID. 401, 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

29. Any agreement, stipulation, or understanding from SwRI or its counsel, in the presence or hearing of the jury or of any Juror, regarding any matter that should arise either before or during the trial of the present lawsuit. Wei should be precluded from disclosing in any

fashion the fact that SwRI's counsel may have declined or refused to stipulate to any evidence or matter.

GRANTED: _____ DENIED: _____ AGREED: _____

30. Any attempt to explain or display to the jury any exhibit, document, or other item requiring introduction into evidence without having first requested its admission into evidence and received a ruling on same. FED. R. EVID. 901.

GRANTED: _____ DENIED: _____ AGREED: _____

31. Any statements allegedly made by either SwRI, or its employees or agents, past or present, which were not timely and properly produced and identified in response to discovery propounded to Wei by SwRI. FED. R. EVID. 501; FED. R. CIV. P. 26(b).

GRANTED: _____ DENIED: _____ AGREED: _____

32. Any interrogation of the Jury Panel as to how or whether any prospective juror would answer a damage issue regardless of who pays the damages, when or if they will be paid, or any similar version of such inquiry, as these queries improperly inject the implication of insurance coverage into the suit. FED. R. EVID. 411.

GRANTED: _____ DENIED: _____ AGREED: _____

33. Any reference or statement that this Motion in Limine has been filed. FED. R. EVID. 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

34. Any evidence of or reference to any of this Court's prior rulings and motions presented by any party prior to the trial of this cause. FED. R. EVID. 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

35. Any suggestion to the jury by testimony, argument or otherwise as to what would have been the testimony of any witness not actually called to testify in this action. FED. R. EVID. 401, 403, 801.

GRANTED: _____ DENIED: _____ AGREED: _____

36. Any evidence of or reference to the failure of any party to call a witness equally available to all parties or present testimony from any person or witness not called to testify in this action. This statement is excludable hearsay and unsworn testimony and thus is improper. FED. R. EVID. 801.

GRANTED: _____ DENIED: _____ AGREED: _____

37. Any offers to compromise or settle this claim, any negotiations concerning settlement of this claim, and any statement to the effect that SwRI refused to settle this case. FED. R. EVID. 408.

GRANTED: _____ DENIED: _____ AGREED: _____

38. Any communications between SwRI and its agents, servants, representatives or employees from the date Wei put SwRI on notice of his lawsuit to the present, because any such conversations or communications are privileged. FED. R. EVID. 501; FED. R. CIV. P. 26(b).

GRANTED: _____ DENIED: _____ AGREED: _____

39. Any evidence of or reference to Wei's entitlement to any percentage of SwRI's net worth.

GRANTED: _____ DENIED: _____ AGREED: _____

40. Any evidence of or reference to the gross revenue of SwRI in 2011, 2012, 2013, and 2014.

GRANTED: _____ DENIED: _____ AGREED: _____

41. Any evidence of or reference to any bonus or other payment made to any SwRI employee as part of that employee's compensation structure. Such evidence is wholly irrelevant and would be greatly prejudicial to SwRI. FED. R. EVID. 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

42. Any evidence of or reference to the salary of any SwRI employee other than Wei. Such evidence is wholly irrelevant and would be greatly prejudicial to SwRI. FED. R. EVID. 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

43. Any use of any motion pictures, photographs, diagrams, computer presentations (*e.g.*, Powerpoint) or any other illustrations or reproductions of any material until such is produced for inspection to attorneys for SwRI outside the presence of the jury in order that proper objections, if any, can be made. FED. R. CIV. P. 26(a), (c).

GRANTED: _____ DENIED: _____ AGREED: _____

44. Any attempt to offer deposition testimony through the showing of videotaped oral deposition testimony or through the reading of any witness' oral deposition transcript unless and until the specific portions (pages/lines) of such testimony to be proffered have been identified outside of the presence of the jury.

GRANTED: _____ DENIED: _____ AGREED: _____

45. Any reference to the special questions ultimately submitted to the jury as "Plaintiff's questions" or "Defendants' questions," or otherwise, or similar terms to this effect.

GRANTED: _____ DENIED: _____ AGREED: _____

46. Any argument or comment to the effect that jurors should place themselves in the position of the plaintiff in this case in determining the amount of recovery that Wei should

receive in this case.  FED. R. EVID. 403; *Loose v. Offshore Navigation, Inc.,* 670 F.2d 493, 496 (5th Cir. 1982).

        GRANTED: _____DENIED: _____AGREED: _____

        47.    Any argument or comment to the effect that jurors should "do unto others as you would have them do unto you," or should apply the golden rule.  FED. R. EVID. 403; *Rojas v. Richardson*, 703 F.2d 186, 191 (5th Cir. 1983).

        GRANTED: _____DENIED: _____AGREED: _____

        48.    Any evidence of or reference to an instruction or questions regarding damages or the computation of same not disclosed by Wei to SwRI in response to discovery seeking identification of same.  Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in part, "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c)(1).

        GRANTED: _____DENIED: _____AGREED: _____

        49.    Any attempt to introduce evidence of, make reference to, or provide an instruction or question regarding equitable relief, including front pay.  Juries are not appropriate for the fashioning of appropriate equitable relief under Title VII.  *Giles v. General Electric, Co.*, 245 F.3d 474, 489 n.27 (5th Cir. 2001).

        GRANTED: _____DENIED: _____AGREED: _____

        WHEREFORE, Defendant Southwest Research Institute prays that this Court consider each of the grounds for this Motion in Limine set forth above and consider each of the requests contained in such Motion.  SwRI also prays that this Court enter such orders and issue such instructions as may be necessary in order to protect the trial of this case and to ensure that there

will be no mistrial by reason of passion, prejudice, or otherwise. Finally, SwRI respectfully prays for an Order of this Court sustaining same and for such other and further relief, general and special, legal and equitable, to which SwRI may be justly entitled.

        Respectfully submitted,

        NORTON ROSE FULBRIGHT US LLP

        By: /s/ Mario A. Barrera
            Mario A. Barrera
            State Bar No. 01805915
            mario.barrera@nortonrosefulbright.com
            Stephen J. Romero
            State Bar No. 24046756
            stephen.romero@nortonrosefulbright.com
        300 Convent Street, Suite 2100
        San Antonio, Texas 78205
        Telephone: (210) 270-7120
        Telecopier: (210) 270-7205

        Attorneys for Defendant
        Southwest Research Institute

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of March, 2015, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Edith K. Thomas
Law Office of Edith K. Thomas, PLLC
777 Main Street, Suite 400
Fort Worth, Texas 76102

Glenn D. Mangum
Law Offices of Glenn Mangum
924 Camaron
San Antonio, Texas 78212

                                              /s/ Mario A. Barrera
                                              Mario A. Barrera

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| QIANG WEI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:12-CV-00872-FB |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Defendant Southwest Research Institute's Motion in Limine, having been timely presented after this case had been assigned but prior to the *voir dire* examination of the Jury Panel and having been duly considered in light of the pleadings and the arguments of counsel, is hereby Granted or Denied by Order of the Court as follows:

**Paragraph II, subparagraph:**

    1.    Granted_____Denied_____Agreed_____
    2.    Granted_____Denied_____Agreed_____
    3.    Granted_____Denied_____Agreed_____
    4.    Granted_____Denied_____Agreed_____
    5.    Granted_____Denied_____Agreed_____
    6.    Granted_____Denied_____Agreed_____
    7.    Granted_____Denied_____Agreed_____
    8.    Granted_____Denied_____Agreed_____
    9.    Granted_____Denied_____Agreed_____
    10.    Granted_____Denied_____Agreed_____
    11.    Granted_____Denied_____Agreed_____
    12.    Granted_____Denied_____Agreed_____
    13.    Granted_____Denied_____Agreed_____
    14.    Granted_____Denied_____Agreed_____
    15.    Granted_____Denied_____Agreed_____

16. Granted_____Denied_____Agreed_____
17. Granted_____Denied_____Agreed_____
18. Granted_____Denied_____Agreed_____
19. Granted_____Denied_____Agreed_____
20. Granted_____Denied_____Agreed_____
21. Granted_____Denied_____Agreed_____
22. Granted_____Denied_____Agreed_____
23. Granted_____Denied_____Agreed_____
24. Granted_____Denied_____Agreed_____
25. Granted_____Denied_____Agreed_____
26. Granted_____Denied_____Agreed_____
27. Granted_____Denied_____Agreed_____
28. Granted_____Denied_____Agreed_____
29. Granted_____Denied_____Agreed_____
30. Granted_____Denied_____Agreed_____
31. Granted_____Denied_____Agreed_____
32. Granted_____Denied_____Agreed_____
33. Granted_____Denied_____Agreed_____
34. Granted_____Denied_____Agreed_____
35. Granted_____Denied_____Agreed_____
36. Granted_____Denied_____Agreed_____
37. Granted_____Denied_____Agreed_____
38. Granted_____Denied_____Agreed_____
39. Granted_____Denied_____Agreed_____
40. Granted_____Denied_____Agreed_____
41. Granted_____Denied_____Agreed_____
42. Granted_____Denied_____Agreed_____
43. Granted_____Denied_____Agreed_____
44. Granted_____Denied_____Agreed_____
45. Granted_____Denied_____Agreed_____
46. Granted_____Denied_____Agreed_____
47. Granted_____Denied_____Agreed_____
48. Granted_____Denied_____Agreed_____

49. Granted_____Denied_____Agreed_____

Signed this ____ day of _____, 2015.

	JUDGE ROYCE C. LAMBERTH
	UNITED STATES DISTRICT JUDGE