UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAR 19 2015
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ M.A._____
DEPUTY

| | |
|---|---|
| QIANG WEI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 12-0872 (RCL) |
| | ) |
| SOUTHWEST RESEARCH INSTITUTE, | ) |
| | ) |
| Defendant. | ) |

## PRETRIAL ORDER

The Court has reviewed the plaintiff's audio recordings and corresponding transcripts. The Court finds that the transcripts are satisfactory and may be shown to the jury with an instruction that the transcripts serve only as a tool: If a juror finds discrepancies between the transcript and the audio, it is what the juror believes he heard in the audio recording—and not the transcript—that governs.

Upon consideration of plaintiff's motion [47] in limine, the Court rules as follows:

1. GRANTED, the parties agree.

2. GRANTED, the parties agree.

3. GRANTED, the parties agree.

4. DENIED, the parties agree.

5. GRANTED to the extent that neither party will in any way argue, mention, or imply that the other party has concealed or kept evidence away from the jury. This will not preclude the parties from addressing objections made in the presence of the jury.

6. DENIED.

7. GRANTED, the parties agree.

8. GRANTED, the parties agree.

9. DENIED. The parties have since agreed that defendant can introduce factual evidence concerning SwRI.

Additionally, plaintiff's introductory marks alluded to seeking exclusion of "any medical condition or treatment of Wei other than evidence or statements regarding treatment for depression, anxiety, and emotional distress." Plaintiff did not enumerate this issue among his requests. However, as agreed, defendant can cross-examine plaintiff on his medical conditions as they relate to this claims of "depression, anxiety, and emotional distress" but defendant will not otherwise raise plaintiff's medical condition at trial.

As to defendant's motion [53] in limine, the Court rules as follows:

1. DENIED.

2. DENIED.

3. GRANTED. Allegations of discriminatory conduct and/or unfair treatment at SwRI directed to anyone other than Wei is generally not probative of the issues in this case. If plaintiff has specific evidence he would like to present, he can explain its relevance to the judge at trial.

4. GRANTED. Alleged prior bad acts of witnesses other than Wei is generally inadmissible character evidence, irrelevant, and prejudicial. This does not prevent plaintiff from impeaching the witness' testimony at trial.

5. GRANTED. Evidence or reference to other lawsuits, proceedings or claims of discrimination and/or retaliation of any type against SwRI or any witness, other than those brought by Wei, is generally irrelevant to whether SwRI discriminated against Wei. Additionally, the probative value of such evidence, if any, is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, and misleading the jury. To the extent that plaintiff wishes to present such evidence and believes it is specifically relevant to the issue at hand, he may broach the subject at trial.

6. – 9. GRANTED, the parties agree as it will apply to both parties.

10. DENIED.

11. DENIED. As part of his case in chief, Wei will have to show he had a reasonable belief that he was discriminated against.

12. DENIED.

13. DENIED.

14. DENIED.

15. DENIED.

16. – 19. GRANTED, the parties agree as it will apply to both parties.

20. – 26. GRANTED, the parties agree.

27. GRANTED, the parties agree as it will apply to both parties.

28. GRANTED, the parties agree.

29. – 30. GRANTED, the parties agree as it will apply to both parties.

31. DENIED.

32. – 36. GRANTED, the parties agree.

37. GRANTED. The parties will not discuss any offers or negotiations to compromise or settle this claim, or either parties' refusal to do so.

38. DENIED as overbroad.

39. GRANTED, the parties agree.

40. DENIED. Evidence of defendant's gross revenue is relevant to Wei's claim for punitive damages.

41. – 42. GRANTED, the parties agree.

43. GRANTED, the parties agree as it will apply to both parties.

44. GRANTED to the extent that any party who wishes to offer deposition testimony through the showing of videotaped oral deposition testimony or through the reading of any witness' oral deposition transcript will identify the specific portions (pages/lines) of such testimony to opposing counsel in a side bar or other exchange by counsel. This practice does not interfere with the parties' ability to use such testimony to impeach witnesses.

45. GRANTED, the parties agree as it will apply to both parties.

46. – 47. GRANTED, the parties agree.

48. GRANTED except to the extent that it requires plaintiffs to have produced documents not in existence during discovery.

49. GRANTED, the parties agree.

It is **SO ORDERED** this 20th day of March 2015.

ROYCE C. LAMBERTH
United States District Judge