IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| QIANG WEI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 5:12-CV-00872-FB |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SOUTHWEST RESEARCH INSTITUTE'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES Defendant Southwest Research Institute ("SwRI"), and files this its Motion for Judgment as a Matter of Law pursuant to Federal Rules of Civil Procedure 50(a), and in support of same respectfully shows as follows:

**I.
INTRODUCTION**

Plaintiff Qiang Wei ("Plaintiff" or "Wei") brought the following causes of action against his former employer SwRI:

- Discrimination on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and the Texas Commission on Human Rights Act, Texas Labor Code §21.001 et seq. ("TCHRA");

- Discrimination on the basis of his race in violation of 42 U.S.C. §1981 ("Section 1981"); and

- Retaliation in violation of Title VII, § 1981, and the TCHRA

Plaintiff has been fully heard on his causes of action. SwRI is entitled to judgment as a matter of law with respect to all of Plaintiff's claims because a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff on his causes of action.

## II.
## LEGAL STANDARD

Once a party has been fully heard on an issue, i.e. rested its case, an opposing party may move for judgment as a matter of law on the issue. Fed. R. Civ. P. 50(a)(1); *Echeverria v. Chevron USA Inc.*, 391 F.3d 607, 610-11 (5th Cir. 2004). Judgment as a matter of law is appropriate when there is no legally sufficient evidentiary basis for a reasonable jury's verdict. Fed. R. Civ. P. 50(a); *E.E.O.C. v. E.I. Du Pont de Nemours & Co.*, 480 F.3d 724, 730 (5th Cir. 2007). A mere scintilla of evidence is insufficient to present a question for the jury. *Hunter on Behalf of Hunter v. Knoll Rig & Equipment Mfg. Co., Ltd.*, 70 F.3d 803, 808 (5th Cir. 1995) (citing *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc)). A court should enter judgment as a matter of law when the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict. *Brennan's Inc. v. Dickie Brennan & Co. Inc.,* 376 F.3d 356, 362 (5th Cir. 2004). Judgment as a matter of law allows the trial court to remove cases from the jury's consideration when the facts are sufficiently clear that the law would require a particular result. *Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000).

On the record at trial, no reasonable jury could find that Plaintiff has met his burden regarding his claims of discrimination and retaliation.

### III.
### ARGUMENTS AND AUTHORITIES

**A.   Discrimination.**

To establish a prima facie case of discrimination, Wei must show that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) he was replaced by someone outside of his protected class, or similarly situated employees outside his protected class were treated more favorably. *See Pryor vs. MD Anderson Cancer Ctr.,* 495 F. App'x 544, 546 (5th Cir. 2012); *Reed vs. Neopost USA, Inc.,* 701 F.3d 434, 439 (5th Cir. 2012); *Nasti v. CIBA Specialty Chems.*, 492 F.3d 589, 593 (5th Cir. 2007).[1] Only if Wei is able to establish his prima facie case of discrimination does the burden of production shift to SwRI to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See Reed*, 701 F.3d at 439; *Nasti*, 492 F.3d at 593; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (holding that the employer bears only a burden of production, not persuasion, when tendering its nondiscriminatory reason). Once SwRI articulates this legitimate reason, "the presumptions of discrimination dissipates, and [Wei] bears the ultimate burden of persuading the trier of fact that [SwRI] engaged in intentional discrimination." *See Nasti*, 492 F.3d at 593. Wei must then establish SwRI's legitimate reason is not true, but a mere pretext for discrimination. *See Autry v. Fort Bend Indep. School Dist.*, 704 F.3d 344, 347 (5th Cir. 2013); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

---

[1] Wei's Section 1981 claims and TCHRA claims are considered under standards similar to those of his Title VII claims. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (recognizing that race discrimination and retaliation, and hostile work environment claims brought under Section 1981, Title VII, and the TCHRA "are analyzed under the same standard"). However, section 1981 claims do not encompass discrimination based on national origin. *Alvarado v. Shipley Donut Flour & Supply Co., Inc.*, 526 F. Supp. 2d 746, 754 (S.D. Tex. 2007). Wei's TCHRA claims are considered under the same Title VII standards. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633-34 (Tex. 2012).

Regardless, the burden of persuasion remains at all times with Wei. *See Reeves*, 530 U.S. at 153; *Rachid*, 376 F.3d at 312.

In this trial, Wei has failed to put on evidence of a prima facie case of discrimination. Specifically, Wei has failed to put forth evidence that he was replaced by someone outside of his protected class, or similarly situated employees outside his protected class were treated more favorably. Furthermore, SwRI has entered into evidence a legitimate, nondiscriminatory reason for Wei's termination, and Wei has failed to establish that SwRI's reason is a mere pretext for discrimination. Specifically, SwRI has presented evidence that Wei's inability or unwillingness to perform the work for which he was hired required his immediate termination.

### 1. Wei has not presented evidence to establish a prima facie case of discrimination.

The undisputed evidence at trial demonstrated that Wei was not replaced by another Principal Engineer. Thus, because there has been no evidence that Wei was replaced by someone outside of his protected class, Wei's burden to establish his prima facie case was to produce evidence of a similarly situated employee who received preferential treatment. *Pryor,* 495 F. App'x at 546. The Fifth Circuit defines the phrase "similarly situated" very narrowly. *Ochoa v. BP Am., Inc.,* No. H-09-122-6, 2011 U.S. Dist. LEXIS 33110, at *17 (S.D. Tex. Mar. 29, 2011); *Silva v. Chertoff*, 512 F. Supp. 2d 792, 803 n.33 (W.D. Tex. 2007). For example, similarly situated individuals must have the same supervisor, same job or responsibilities, same person making employment status decisions, essentially comparable histories, and "critically, the plaintiff's conduct that drew the adverse employment decision must have been '***nearly identical***' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Player v. Kan. City S. Ry. Co.,* 496 F. App'x 479, 481-82 (5th Cir. 2012) (emphasis added); *see also Martin v. Budget Rent-A-Car Sys. Inc.*, 432 F. App'x. 407, 410 (5th Cir. 2011) (same);

*Beltran v. Univ. of Tex. Health Sci. Ctr. at Houston*, 837 F. Supp. 2d 635, 642 (S.D. Tex. 2011) (holding that the "nearly identical" standard is a stringent one and excludes employees with "different responsibilities, different supervisors, different capabilities, different work rule violations or different disciplinary records").

In this trial, Wei has not produced any evidence of a similarly situated comparator. The evidence demonstrated that Wei was the only Principal Engineer underneath his supervisor, Khalek. Wei's evidence at trial has not included any individual or individuals who meet the law's narrow definition of similarly situated employee. Instead, Wei testified that every employee at SwRI is a similarly situated employee who was treated more favorably because they were not subject to an alleged "English-only" directive similar to the one issued by Khalek.[2] "Every employee" at SwRI cannot meet the law's stringent standard for identifying similarly situated employees. *See Beltran*, 837 F. Supp. 2d at 642 (similarly situated individuals excludes employees with "different responsibilities, different supervisors, different capabilities, different work rule violations or different disciplinary records"). Because Wei failed to produce evidence of a similarly situated employee, Wei necessarily has offered no evidence that a similarly situated employee received more favorable treatment. Consequently, because Wei failed to produce evidence (and, indeed, *cannot* produce evidence) of a prima facie case of race or national origin discrimination, judgment as a matter of law for SwRI is mandated.

    **2.**    **SwRI has put forth a legitimate non-discriminatory reason for its actions.**

Assuming arguendo that Wei produced evidence of a prima facie case of discrimination in this trial, the evidence before the trier of fact established that SwRI had a legitimate, non-discriminatory reason for Wei's termination. In his termination recommendation, Khalek noted that Wei's "poor verbal communications skills have held him back in engaging with other

---

[2] The alleged "English-only" directive is discussed at III.A..4, supra.

technical and professional staff members" and that Wei had received the lowest score in oral presentations at a recent conference. *See* Exhibit D15. The evidence demonstrated that Wei received a "needs improvement" score on his evaluation and his performance subsequently deteriorated. The evidence further showed that rather than seeking to improve his performance, Wei sought daily work instructions and debating with his supervisor Khalek over work assignments. SwRI concluded that Wei's inability or unwillingness to perform the work for which he was hired required his immediate termination. *See* Exhibit D38.

### 3. Wei cannot establish that SwRI's non-discriminatory reason is a pretext for discrimination.

Because SwRI articulated a legitimate reason for Wei's termination, the burden shifts to Wei to prove discriminatory pretext. "To establish pretext, [a plaintiff] must show that [a defendant's] proffered explanation is false or unworthy of credence." *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011). In other words, Wei's burden before the trier of fact was to show that intentional discrimination lay at the heart of SwRI's decision. *See Price v. Fed. Express Corp.,* 283 F.3d 715, 720 (5th Cir. 2002). This is a "heavy" burden that cannot be met solely by conclusory statements, opinions, or subjective beliefs. *Little v. Republic Ref. Co.*, 924 F.2d 93, 96 (5th Cir. 1991); *see also Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999) (holding that a subjective belief that the employer's actions were based on race was insufficient to create an inference of discriminatory intent). Wei proffered evidence did not meet this heavy burden.

The evidence demonstrated that SwRI's PARC Committee collectively and independently decided to terminate Wei's employment. It is well-settled that "a collective decision-making process negates an inference of discrimination." *Strong v. Univ. Health Care Sys., LLC,* 482 F. 3d 802, 806 n.2 (5th Cir. 2007); *Jefferson v. Hosp. Partners of Am., Inc.,*

No. H-08-1535, 2009 U.S. Dist. LEXIS 126611, at *57 (S.D. Tex. May 18, 2009). Even more, Wei presented no actual evidence that any of the individual decision makers were acting with racially discriminatory animus when they made this discharge decision. The evidence demonstrated that Khalek, while making the initial recommendation for termination, played no part in the actual decision to terminate Wei. Thus, the actor to whom Wei ascribes discriminatory animus was not part of the collective decision making process to terminate Wei. Indeed, the PARC Committee did not hear from Khalek at its meeting to discuss Wei's termination.

Further, Wei's disagreement with how SwRI characterized his job performance is not evidence of discrimination. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007) (refusing to question employer's decision to terminate employee for performance issues when employee disputed the underlying facts leading to decision); *Lewis-Sterling v. CHRISTUS Homecare*, No. 4:08-2335, 2009 U.S. Dist. LEXIS 88295, at *31 (S.D. Tex. Sept. 25, 2009) (noting that the "plaintiff's disagreement with the reasons for the employer's decision is insufficient to create an issue of pretext").

Ultimately, it is pure speculation by Wei that because he is Chinese and was discharged he must be the victim of discrimination. However, as noted above, subjective beliefs are not competent evidence. *See, e.g.*, *Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir. 2005) (holding that a plaintiff's belief of discrimination "however genuinely held, is not sufficient evidence of pretext"); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000) (holding that the plaintiff's subjective belief was insufficient to establish pretext). Title VII does not "protect against unfair employment decisions . . . [a]n employer can make an incorrect employment decision; if based on a good faith belief with no discrimination influences, then the

court will not try the validity of the reason." *Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 275 (5th Cir. 2006).

Finally, the evidence demonstrated that Wei's supervisor highly recommended hiring Wei in the first place. This undercuts any notion that Wei was discriminated against by this *very same* supervisor once he became employed at SwRI. In *Brown v. CSC Logic*, 82 F.3d 651, 658 (5th Cir. 1996), the Fifth Circuit recognized that when the same supervisory employee hires and fires a plaintiff within a short period of time "a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer." *Id.* at 658. There, the same actor inference was applied when an employee's hiring and termination were separated by four (4) years, whereas here, the evidence demonstrated that the difference was a mere eight (8) months. *See id.* To paraphrase another court that has applied *Brown's* rationale, it is "highly unusual and illogical" that at the same time that Khalek was encouraging Wei to apply and highly recommending that Wei be hired he was already in the process of devising a plan for Wei's termination simply because of his race or national origin. *See Nazarov v. La. State Univ.*, No. 08-3978, 2010 U.S. Dist. LEXIS 45457, at *19 (E.D. La. May 7, 2010). As such, judgment as a matter of law for SwRI on Wei's race and national origin discrimination claims is warranted.

### 4. Wei's claims of an "English-only" directive is not supported by the evidence and does not amount to discrimination

The evidence demonstrated that in an effort to help Wei improve his communication skills, Khalek wrote in Wei's annual evaluation that Wei was to speak English in the workplace when others were present and that he could excuse himself to another location when and if he needed to speak Chinese. *See* Exhibit D12 This is not evidence of an "English-only" directive. Indeed, to the contrary, Wei admitted that SwRI does not have an "English-only" policy. In addition, at least two SwRI witnesses, Bill Crumlett and Bruce Bykowski, testified that there was

no "English-only" policy at SwRI. Furthermore, Wei's evaluation demonstrates that Wei was not instructed to never speak Chinese on the SwRI campus, just that he should refrain from doing so while others were present. *See* Exhibit D12. Wei's testimony contained no allegation that he was disciplined, much less terminated, for failing to follow this directive.

Khalek's directive to Wei in his evaluation is not discrimination as a matter of law. *See Garcia v. Gloor*, 618 F.2d 264, 272 (5th Cir. 1980) (holding that "an employer's rule forbidding a bilingual employee to speak anything but English in public areas while on the job is not discrimination based on national origin as applied to a person who is fully capable of speaking English and chooses not to do so in deliberate disregard of his employer's rule."). Indeed, Khalek's directive is permitted under the EEOC's guidelines regarding language policies. *See* 29 C.F.R. § 1606.7(b) (policies that require English only at certain times are permitted where the employer can show the rule is "justified by business necessity").

Wei's claims of being discriminated against because he was subjected to an "English only" policy is not supported by a legally sufficient evidentiary basis for a reasonable jury's verdict. Judgment as a matter of law is appropriate on this issue.

**B.     Retaliation**

To establish a prima facie case of retaliation, a plaintiff must show that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *Manaway v. Med. Ctr. of Se. Tex.*, 430 F. App'x 317, 324 (5th Cir. 2011); *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007).  To satisfy the causation requirement of the third prong, Wei must "provide sufficient evidence to allow a reasonable juror to conclude that [his protected activity] was the 'but-for' cause of [his] termination." *See Finnie*

*v. Lee Cnty., Miss.*, Nos. 12-60623, 12-60686, 2013 U.S. App. LEXIS 18950, at *7 (5th Cir. Sep. 13, 2013). In other words, the "desire to retaliate [must be] the *but-for* cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 113 S. Ct. 2517, 2528 (2013) (emphasis added). Only if Wei is able to establish a prima facie case does the burden shift to SwRI to proffer a legitimate, nonretaliatory reason for its actions. *See McCoy*, 492 F.3d at 557. Once SwRI articulates its reason, Wei bears the ultimate burden of proving that SwRI's proffered reason is not true but instead is a pretext for the real retaliatory purpose. *See McCoy*, 492 F.3d at 557; *Manaway*, 430 F. App'x. at 324-325. Wei has not produced evidence to meet this burden.

### 1. Wei did not engage in protected activity.

To support an actionable retaliation claim under Title VII, a plaintiff must have "opposed any practice made an unlawful employment practice by this subchapter," or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). Wei offered no evidence that he did so. The undisputed facts at trial demonstrated that Wei was terminated before he filed a charge of discrimination and therefore could not have been terminated due to filing his charge.

In addition, Wei admitted that the first time he contacted HR to discuss his concerns regarding Khalek's treatment of him was on August 18, 2011. Even then, Wei did not mention Khalek's directive regarding speaking Chinese. The evidence demonstrated that Wei complained about the unfair expectations that Khalek had for him, but not about any discrimination, and thus he was not engaging in protected activity. *See, e.g., Turner v. Baylor Richardson Med. Ctr.,* 476 F. 3d 337, 349 (5th Cir. 2007) (concluding that the plaintiff's email regarding the deteriorating relationship between him and his coworkers did not give rise to protected activity); *Harris-*

*Childs v. Medco Health Solutions, Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006) (holding that plaintiff did not engage in protected activity when she never "mentioned that she felt she was being treated unfairly due to her race or sex"); *Wright v. Custom Ecology, Inc.,* No. 3:11-CV-760, 2013 U.S. Dist. LEXIS 56433 at *24 (S.D. Miss. Apr. 19, 2013) (observing that the plaintiff did not engage in any protected activity because his complaints did not reference any discrimination).

The evidence also showed that when Wei reached out to HR after being given his annual evaluation, Wei did not mention the issue he claimed at trial to be discriminatory – Khalek's Chinese language directive. *See* Exhibit D71. Wei's own comments to his annual performance evaluation did not mention that he believed the Chinese language directive to be discriminatory, nor did they mention the directive at all. *See* Exhibit D12. Even if they did, complaining about the directive regarding speaking Chinese is not "protected activity" under Title VII as the directive is not discriminatory. *See* III.A.4, supra. Because Wei does not base his retaliation claim on any protected activity, he cannot establish a prima facie case and judgment as a matter of law is proper.

>    **2.   Wei did not establish a causal connection between any alleged protected activity and his termination.**

Even if Wei's evidence could establish that he engaged in protected activity, which it does not, there is no causal connection between that activity and his termination. In order to establish a causal connection between Wei's alleged complaint to Khalek and his subsequent termination, Wei must establish that the decision maker had knowledge of his complaint. *See Anthony v. Donahoe*, 460 F. App'x 399, 405 (5th Cir. 2012) (holding that an EEOC complaint was not the but for cause of employee's reassignment because supervisor had no knowledge of it); *Reynolds-Diot v. Grp. 1 Software, Inc.*, 3:03-CV-0245-M, 2005 U.S. Dist. LEXIS 17102, at

\*11-12 (N.D. Tex. Aug. 17, 2005) (granting the defendant's motion for summary judgment when supervisor terminating the plaintiff had no knowledge of her sexual harassment complaint). Wei produced no evidence to the fact finder that the PARC Committee had knowledge of any alleged complaint of an unlawful employment practice. Therefore, SwRI could not have retaliated against him for complaints regarding unlawful employment practices. *See Anthony*, 460 F. App'x at 405; *see also Bryan v. Chertoff*, 217 F. App'x 289, 293 (5th Cir. 2007) (finding no retaliatory nexus found where there was no knowledge of the employment discrimination complaints); *Holmes v. Drug Enforcement Admin.*, 512 F. Supp. 2d 826, 850 (W.D. Tex. 2007) (finding that a transfer was not related to employment discrimination claim because nothing indicated the board's knowledge of the complaints).

Moreover, even though the timing between Wei's alleged complaint to Khalek and his termination was relatively short, "temporal proximity alone is insufficient to prove but for causation" *See Strong v. Univ. Healthcare Sys., LLC*, 482 F.3d 802, 808 (5th Cir. 2007); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 406 (5th Cir. 2013) (holding that proximity evidence, without other persuasive evidence of pretext, is insufficient to demonstrate retaliation); *Roberson v. Alltel Information Services*, 373 F.3d 647, 656 (5th Cir. 2004) (holding that "[w]ithout more than timing allegations . . . summary judgment in favor of [the defendant] was proper").

Finally, to the extent Wei claimed that his August 18, 2011 email to HR titled "Is this a health work environment?" was protected activity, he never mentioned any complaint of discrimination in the email and the recommendation to terminate his employment had already been made two days earlier on August 16, 2011. *See* Exhibit D85; *see also Clark County School Dist. v. Breeden*, 532 U.S. 268, 272 (2001) (holding that discipline contemplated prior to an

employee's discrimination complaint, but not carried out until afterward, is "no evidence of causality"); *Strong*, 482 F.3d at 808 (holding that plaintiff's evidence of retaliation was not compelling in light of her disciplinary record prior to her complaint). Because Wei cannot establish a prima facie case of retaliation, judgment as a matter of law for SwRI is proper.

### 3.     Wei cannot establish retaliatory pretext.

Even putting aside all of the above deficiencies and further assuming Wei established a prima facie case, judgment as a matter of law is still proper because Wei did not establish pretext. The evidence demonstrated that Wei was discharged because his job performance deteriorated significantly following his annual evaluation to an extent that it demonstrated to SwRI a refusal to perform the tasks assigned to him. Wei presented no evidence that SwRI's stated rationale for Wei's termination is a pretext for retaliation. Since Wei did not establish he would not have been discharged "but for" some protected activity, judgment as a matter of law is proper on Wei's retaliation claim.

WHEREFORE, Defendant Southwest Research Institute respectfully requests that this Court grant this Motion for Judgment as a Matter of Law and for such other and further relief, including attorneys' fees and costs incurred in this case, to which it may be entitled.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By: /s/ Mario A. Barrera
    Mario A. Barrera
    State Bar No. 01805915
    Stephen J. Romero
    State Bar No. 24046756
300 Convent Street, Suite 2100
San Antonio, Texas 78205
Telephone: (210) 224-5575
Telecopier: (210) 270-7205

Attorneys for Defendant
Southwest Research Institute

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2015, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Edith K. Thomas
777 Main Street, Suite 600
Fort Worth, TX  76102

Glenn D. Mangum
Law Offices of Glenn Mangum
924 Camaron
San Antonio, Texas 78212

    /s/ Mario A. Barrera
    Mario A. Barrera