FILED

MAR 2 7 2015

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                          DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| QIANG WEI, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:12-CV-00872-RCL |
| | § | |
| SOUTHWEST RESEARCH INSTITUTE, | § | |
| | § | |
| **Defendant.** | § | |

*Let This be filed.
Royce. Lamberth
U.S. D.J. 3/27/15*

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish be- tween the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Plaintiff Wei has the burden of proving his case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Plaintiff Wei has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial

evidence is evidence that proves a fact from which you can logically conclude another fact exists.   As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.   The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely on it.

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

A typewritten transcript of an oral conversation, which can be heard on a recording received in evidence, was shown to you. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine, based on your evaluation of the testimony you have heard about the preparation of the transcript and on your own examination of the transcript in relation to your hearing of the recording itself

as the primary evidence of its own contents. If you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Anti-discrimination laws were not intended to allow a plaintiff to have courts or juries second-guess business decisions made by employers regarding their operations.  The law provides that a company can deny transfer, demote, or discharge an employee for a good reason, a bad reason, or no reason at all, as long as its decision was not made because of discrimination.

Even if you believe that Defendant SwRI's employment decisions regarding Plaintiff Wei were incorrect or unfair, this is not a legal reason for you to find in Plaintiff Wei's favor.  Even if you disapprove of the decisions that the defendant (including its employees) made, the decisions were business decisions and they are not unlawful unless they were discriminatory in accordance with these instructions.  Decisions made in good faith, even if they are based on an incorrect belief, are not legally improper.

Plaintiff Wei claims that he would not have been terminated by SwRI but for his race or national origin.

The employer, Defendant SwRI, denies Plaintiff Wei's claims, and contends that Plaintiff Wei was terminated because of his inability or unwillingness to do the job for which he was hired.

It is unlawful for an employer to discriminate against an employee because of the employee's race or national origin. An employer may, however terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Wei must prove by a preponderance of the evidence that:

1.  Defendant SwRI terminated Plaintiff Wei; and

2.  Defendant SwRI would not have terminated Plaintiff Wei in the absence of—in other words, but for—his race or national origin.

    Plaintiff Wei does not have to prove that unlawful discrimination was the only reason Defendant SwRI terminated him. But Plaintiff Wei must prove that Defendant SwRI's decision to terminate him would not have occurred in the absence of such discrimination.

If you find that the reason Defendant SwRI has given for Plaintiff's Wei's termination is unworthy of belief, you may, but are not required to, infer that Defendant SwRI was motivated by Plaintiff's race or national origin.

Plaintiff Wei claims that he was retaliated against by Defendant SwRI for engaging in activity protected by Title VII. Plaintiff Wei claims that he was instructed not to speak Chinese and that his work performance evaluation was negatively impacted by his complaints. Plaintiff Wei claims that Defendant SwRI retaliated against him by terminating his employment.

Defendant SwRI denies Plaintiff Wei's claims and contends that Plaintiff Wei did not complain about being instructed not to speak Chinese and that even if he did complain, those complaints played no role in the decision to terminate his employment.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.

To prove unlawful retaliation, Plaintiff Wei must prove by a preponderance of the evidence that:

1.     Plaintiff Wei engaged in protected activity by complaining about being instructed not to speak Chinese to SwRI;

2.     Defendant SwRI terminated Plaintiff Wei; and

3.     Defendant SwRI's decision to terminate Plaintiff Wei was on account of his protected activity.

You need not find that the only reason for Defendant SwRI's decision was Plaintiff Wei's alleged complaints about race or national origin discrimination.  But you must find that Defendant SwRI's decision to terminate Plaintiff Wei would not have occurred in the absence of—but for—his alleged complaints of race or national origin discrimination.

If you disbelieve the reason Defendant SwRI has given for its decision, you may, but are not required to, infer that Defendant SwRI would not have decided to terminate Plaintiff Wei but for him engaging in the protected activity.

For the first element, Plaintiff Wei claims that he engaged in protected activity when he was instructed not to speak Chinese and that his work performance evaluation was negatively impacted by his complaints.  That action is "protected activity" if it was based on Plaintiff Wei's good-faith, reasonable belief that Defendant SwRI discriminated against him because of his race or national origin.  To show a good-faith belief, Plaintiff Wei must show that he honestly believed that Defendant SwRI discriminated against him because of his race or national origin. To show a reasonable belief, Plaintiff Wei must show that a reasonable person would, under the

circumstances, believe that Defendant SwRI discriminated against him because of his race or national origin. Plaintiff Wei does not have to prove that Defendant SwRI actually discriminated against him because of his race or national origin. But he must prove that he had a good-faith, reasonable belief that Defendant SwRI did so.

If you found that Defendant SwRI violated Title VII or Section 1981, then you must determine whether it has caused Plaintiff Wei damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Wei has proved liability.

Plaintiff Wei must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Wei need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Wei would have earned in his employment with Defendant SwRI if he had not been terminated from August 22, 2011 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Wei received from employment during that time; (2) the amount of other damages sustained by Plaintiff Wei such as pain, suffering, mental anguish, and other noneconomic losses.

Qiang Wei alleges that, as a result of SwRI's discrimination, he has suffered emotional pain, inconvenience, mental anguish, damage to personal and professional reputation, humiliation, undue stress, and anxiety. "Mental anguish" is more than mere disappointment, anger, resentment or embarrassment, although it may include all of these. Qiang Wei has the burden of proving any compensatory damages by a preponderance of the evidence. If Qiang Wei

does not establish that SwRI caused his emotional pain, inconvenience, mental anguish, damage to personal and professional reputation, undue stress, or anxiety, then he may not recover them as compensatory damages.

If you determine that Qiang Wei has proven these losses by a preponderance of the evidence, you may award him damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering needs to be introduced into evidence. The damages that you award must be fair compensation—nothing more and nothing less. You are not trying to assess value, but to determine an amount that will fairly compensate Dr. Wei for the damages that he has suffered or reasonably expects to suffer. There is no exact standard for fixing the compensation to be awarded for these elements of damage, but any award that you make should be fair in light of the evidence.

When considering the amount of monetary damages to which Dr. Wei may be entitled, you should consider the nature, character, and seriousness of any pain, inconvenience, mental anguish, damage to personal and professional reputation, loss of enjoyment of life, or other loss that he felt (or continues to feel). You must also consider its extent or duration, as any award you make must cover the damages endured by Dr. Wei since his termination—and even into the future, if you find as fact that the evidence presented justifies the conclusion that his emotional distress and its consequences have continued to the present time or can reasonably be expected to continue into the future.

Back pay includes the amounts the evidence shows Plaintiff Wei would have earned had he remained an employee of Defendant SwRI. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must

subtract the amounts of earnings and benefits Defendant SwRI proves by a preponderance of the evidence Plaintiff Wei received during the period in question.

There is no exact standard for determining actual damages.  You are to determine an amount that will fairly compensate Plaintiff Wei for the harm he has sustained.  Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Wei proves by a preponderance of the evidence that:

1.  the individual who engaged in the discriminatory act or practice was acting in a managerial capacity;

2.  he engaged in the discriminatory act or practice while acting in the scope of his employment; and

3.  he acted with malice or reckless indifference to Plaintiff Wei's federally protected right to be free from discrimination.

If Plaintiff Wei has proved these facts, then you may award punitive damages, unless Defendant SwRI proves by a preponderance of the evidence that the act was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether Dr. Imad Khalek was a supervisor or manager for Defendant SwRI, you should consider the type of authority Dr. Khalek had over Plaintiff Wei and the type of authority for employment decisions Defendant SwRI authorized Dr. Khalek to make.

An action is in "reckless indifference to Plaintiff Wei's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Wei is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant SwRI engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant SwRI made good-faith effort to prevent discrimination in the workplace, you may consider whether it adopted anti-discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Wei's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant SwRI acted with malice or reckless indifference to Plaintiff Wei's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Wei is entitled to receive, you may, but are not required to, award Plaintiff Wei an additional amount as punitive damages for the purposes of punishing the Defendant SwRI for engaging in such wrongful conduct and deterring Defendant SwRI and others from engaging in such conduct in the future. You should presume that Plaintiff Wei has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant SwRI's conduct was. You may consider whether the harm Plaintiff Wei suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant SwRI's conduct that harmed Plaintiff Wei also posed a risk of

harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Wei.

2.     How much harm Defendant SwRI's wrongful conduct caused Plaintiff Wei.

3.     What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant SwRI's financial condition, to punish Defendant SwRI for its conduct toward Plaintiff Wei and to deter Defendant SwRI and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Wei.

Defendant claims that Plaintiff Wei failed to mitigate his damages. Plaintiff Wei has a duty under the law to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages.

To succeed on this defense, Defendant SwRI must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff Wei failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff Wei's damages were increased by his failure to take such reasonable actions. If Defendant SwRI proves that Plaintiff Wei has not made reasonable efforts to find or obtain work, Defendant SwRI does not also have to establish the availability of substantially equivalent employment.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of

Plaintiff Wei's diligence should be evaluated in light of his individual characteristics and the job market.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the

attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.


_3/27/15_
Date

_Royce C. Lambeth_
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **QIANG WEI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 5:12-CV-00872-RCL |
| | § | |
| **SOUTHWEST RESEARCH INSTITUTE,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>VERDICT FORM</u>

**QUESTION NO. 1**

Has Plaintiff Wei proved that he would not have been terminated in the absence of—in other words, but for—his race?

     Answer "Yes" or "No"

     Answer: _____

**QUESTION NO. 2**

Has Plaintiff Wei proved that he would not have been terminated in the absence of—in other words, but for—his national origin?

     Answer "Yes" or "No"

     Answer: _____

**QUESTION NO. 3**

Do you find that a reasonable person would, under the circumstances, believe that Plaintiff Wei made a complaint of race discrimination to Defendant SwRI?

     Answer "Yes" or "No"

     Answer: _____

**QUESTION NO. 4**

Do you find that a reasonable person would, under the circumstances, believe that Plaintiff Wei made a complaint of national origin discrimination to Defendant SwRI?

> Answer "Yes" or "No"

> Answer: _____

**QUESTION NO. 5**

> **If you answered "Yes" to Question Nos. 3 or 4, then answer Question No. 5.**

Do you find that Plaintiff Wei would not have been terminated but for his complaints of race or national origin discrimination?

> Answer "Yes" or "No"

> Answer: _____

**QUESTION NO. 6**

> **If you answered "Yes" to Question Nos. 1, 2 or 5, then answer Question No. 6.**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Wei for the damages, if any, you have found Defendant SwRI caused Plaintiff Wei?

> Answer in dollars and cents for the following items:

> Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

> $_____

> Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

> $_____

> Wages and benefits from August 22, 2011 to the date of your verdict.

> $_____

**QUESTION NO. 7**

If you answered Question No. 6 and entered any amount of money greater than zero dollars ($0.00) in the blank for wages and benefits, then answer Question No. 7.

Do you find that Plaintiff Wei failed to reduce his damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his termination?

Answer "Yes" or "No."

Answer:_____

**QUESTION NO. 8**

If you answered "Yes" to Question No. 7, then answer Question No. 8.  .

How much would Plaintiff Wei have earned had he exercised reasonable diligence under the circumstances to minimize his damages?

Answer in dollars and cents, if any.

$_____

**QUESTION NO. 9**

If you answered "Yes" to Question Nos. 1, 2 or 5 and entered any amount of money greater than zero dollars ($0.00) in the blank for wages and benefits in Question No. 6, then answer Question No. 9.

Do you find that Plaintiff Wei should be awarded punitive damages?

Answer "Yes" or "No."

Answer:_____

**QUESTION NO. 10**

  **If you answered "Yes" to Question No. 9, then answer Question No. 10.**

What sum of money should be assessed against Defendant SwRI as punitive damages?

  Answer in dollars and cents:

  $_____


_____     _____
Date               Jury Foreperson